## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PARRIS<br>512 Summit Ave.<br>Prospect Park, PA 19076 : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | No. |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| CREATIVE WASTE SOLUTIONS, LLC. :<br>d/b/a B&L DISPOSAL SERVICES; :<br>BIZZARI SERVICES, INC.; :<br>BIZZARI PROPERTIES, LLC; :<br>AIR-UP, LLC; ABC COMPANIES 1-5 :<br>601 Ryanard Rd. :<br>Wallingford, PA 19086 :<br>    and :<br>LOU BIZZARI :<br>601 Ryanard Rd. :<br>Wallingford, PA 19086 : | |
| : | |
| Defendants. : | |
| : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Joseph Parris (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.  Introduction

1.      Plaintiff initiates the instant action to redress violations by Defendant of 42 U.S.C. § 1981[1], the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*), and applicable state law(s).  Plaintiff was unlawfully terminated by Defendants and he seeks damages as set forth herein.

---

[1] Plaintiff has also filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff intends to amend the instant Complaint if and when such charges become administratively exhausted with their respective agencies. Plaintiff's EEOC and PHRC claims will mirror his Section 1981 claims as set forth herein.

## II. Jurisdiction and Venue

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendants B&L Disposal Services, Bizzari Services, Inc.; Bizzari Properties LLC; Creative Waste Solutions, Inc.; and Air-Up, LLC (*hereinafter* collectively referred to as "Defendant Entities") are companies owned and/or operated by Lou Bizzari and are engaged in

disposal service business. Upon information and belief, Defendant Entities are operated by the same management out the same location, which upon information and belief is 601 Ryanard Rd., Wallingford, PA and each Defendant Entity is identified as being headquartered at the same address as in the caption of this Complaint within the Secretary of State.

8.      Therefore, upon information and belief, they are interrelated and integrated in their activities, labor relations, ownership, and management, such that they should be consider one entity. Therefore because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Entities may be treated as a single and/or joint employer for purposes of the instant action.

9.      It is Plaintiff's intention to conduct a 30(b)(6) designee deposition in order to determine what other entities (which Plaintiff was not able to find through due diligence) are owned and operated by Defendant Lou Bizzari in a way that such entities should be considered a joint employer of Plaintiff. Plaintiff will seek to amend his Complaint after the aforesaid 30(b)(6) designee deposition to add any entities which should be added as a joint employer to his Complaint.

10.     Defendant Lou Bizzari (*hereinafter* "Defendant Bizzari") owns and operates the above-named Defendant Entities and is a high level manager who controls and manages the terms and conditions of employment for employees (including Plaintiff), including but not limited to hiring, firing, issuing discipline, and compensation.[2]

### IV.     **Factual Background**

---

[2] Defendant Entities and Defendant Lou Bizzari are *hereinafter* collectively referred to as "Defendants" unless indicated otherwise.

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a Hispanic, Puerto Rican male.

13. In or about July of 2016, Plaintiff was hired to work for Defendants as a Thrower, which consisted of collecting and throwing trash into the back of a truck.

14. Plaintiff worked for Defendants for approximately two years before being terminated from his employment in or about February of 2017 (discussed further *infra*).

15. During Plaintiff's tenure with Defendants, he often times worked approximately 55-60 hours per week; however, he was not always paid for the hours that he worked or time and one half for hours that he worked over 40 hours in one week.

16. While employed with Defendants, Plaintiff was at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime for all hours worked over 40 hours per week at a rate of time and one half.

17. While employed with Defendants, Plaintiff witnessed African-America (black) employees being subjected to discriminatory treatment based on their race by Defendant Entities' management, including but not limited to Defendant Bizzari (owner/operator of Defendants). Plaintiff, himself, was also subjected to discriminatory treatment based on his race by Defendant Bizzari.

18. For example, Plaintiff was subjected to very racist and discriminatory comments by Defendant Bizzari, including but not limited to, using the word "nigger" on a repeated basis, telling Plaintiff that he was going to fire African-American employees one-by-one rather than in a group because he did not want the NAACP coming after him, calling him the a "light-skinned nigger," and telling him that he is the "oreo" and the middle man between the blacks and whites.

19.     By way of further example, Plaintiff observed Caucasian employees being treated in a more favorable manner than employees of a minority race (including Hispanic and African-American employees), including but not limited to treating minorities in a rude and condescending manner and giving Caucasian employees better routes than Hispanic or African-American (black) employees.

20.     Shortly before his termination from Defendant Entities, Plaintiff complained about and objected to Defendant Bizzari's aforesaid discriminatory treatment and his use of the word "nigger."

21.     Plaintiff also complained to Defendant Bizzari on several occasions, including in close proximity to his termination, that he was not being paid overtime properly.

22.     Defendant Bizzari did not change his behavior or address Plaintiff's concerns in any meaningful manner; instead, on or about February 7, 2017, when Plaintiff informed Defendant Bizzari that he was going to speak to an attorney regarding his racist comments and treatment, Defendant Bizzari responded by telling Plaintiff to "get the fuck out" and terminated him.

23.     Plaintiff believes and therefore avers that he was terminated because of his race, his aforesaid objection to and complaints of race discrimination, and/or his complaints of Defendants' overtime violations.

**Count I**
**Violation of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**- Against All Defendants –**

24.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiff was subjected to a hostile work environment during his period of employment due to his race and/or complaints of race discrimination through disparate treatment, pretextual admonishment, racial derogatory comments, and demeaning and/or discriminatory treatment towards him.

26. Plaintiff was terminated by Defendants because of his race and/or in retaliation for complaining of/objecting to race discrimination.

27. Defendant Bizzari is personally liable for violations of Section 1981 because he was a high-level manager who controlled the terms and conditions of Plaintiff's employment, knew of and directly participated in the aforesaid race-based harassment and Plaintiff's hostile work environment and also participated in Plaintiff's pretextual termination from Defendants.

28. These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**-Against All Defendants-**

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. At all times relevant herein, Defendants are, and continue to be, an "employer[s]" within the meaning of the FLSA.

31. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

32. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

33. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

34. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

35. Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

36. As a result of Defendants' intentional failure to pay Plaintiff the overtime compensation due him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

37. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

38. Defendant Bizzari is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Bizzari also personally and intentionally deceived Plaintiff regarding his compensation.

**Count III**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**
**-Against All Defendants-**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Defendants retaliated against Plaintiff and/or terminated Plaintiff in substantial part because of his complaints to Defendant Bizzari that he was not being properly compensated for his overtime hours.

41. Plaintiff's termination due to his complaints of unpaid overtime wages constitutes unlawful retaliation and a violation of the FLSA.

42. Defendant Bizzari is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his termination. Defendant Bizzari also personally participated in Plaintiff's aforesaid unlawful termination.

### Count IV
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Wages)
### -Against All Defendants-

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. At all times relevant herein, Defendants are, and continue to be, "employer[s]" within the meaning of the PMWA.

45. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the PMWA.

46. The PMWA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

47. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

48. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

49. Defendants failed to pay Plaintiff time and one half for all hours that he worked over 40 each workweek.

50. Defendants' failure to pay Plaintiff's wages and overtime compensation as aforesaid constitute violations of the PMWA.

51. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

52. Defendant Bizzari is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Bizzari also personally and intentionally deceived Plaintiff regarding his compensation.

**Count V**
**Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")**
**(43 P.S. 260.3(a)-(b))**
**-Against All Defendants-**

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for services he performed during his employment.

55. Defendants failed to compensate Plaintiff for all wages owed during his employment.

56. Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement.

57. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

58. Defendant Bizzari is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including

but not limited to his compensation. Defendant Bizzari also personally and intentionally deceived Plaintiff regarding his compensation.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.      Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

G.      Plaintiff is to receive a trial by jury as set forth in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF, & CERUTTI P.C.**

By: _____
Ari R. Karpf, Esq
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 12, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JOSEPH PARRIS

v.

CREATIVE WASTE SOLUTIONS, LLC. d/b/a
B&L DISPOSAL SERVICES, INC., et al.

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X )

| 7/11/2017 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 512 Summit Avenue, Prospect Park, PA 19076

Address of Defendant: 601 Ryanard Road, Wallingford, PA 19086

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/11/2017 _____    ARK2484
                      Attorney-at-Law         Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/11/2017 _____    ARK2484
                      Attorney-at-Law         Attorney I.D.# 91538

CIV. 609 (5/2012)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PARRIS, JOSEPH

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

CREATIVE WASTE SOLUTIONS, LLC. d/b/a B&L DISPOSAL SERVICES, INC., et al.

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| 1 | U.S. Government Plaintiff | **X** 3 Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff f*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability ☐ 340 Marine ☐ 345 Marine Product | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| **X** 230 Rent Lease & Ejectment | **X** 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** ☐ 462 Naturalization Application | | State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| **X** 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1981; Fair Labor Standards Act "FLSA" (29USC201)

Brief description of cause:
Violations of 42USC1981, the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   7/11/2017     SIGNATURE OF ATTORNEY OF RECORD

Print     Save As...     Reset